﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190614-10016
DATE: March 31, 2020

ORDER

Readjudication of the claim for service connection for a low back condition is warranted.

REMAND

Entitlement to service connection for a low back condition is remanded.

Introduction

The Veteran served honorably on active duty in the United States Air Force during the Gulf War Era, from November 1999 to August 2000.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 Rating Decision by the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran timely appealed the Rating Decision to the Board in June 2019 and requested direct review under the modernized review system (i.e., Appeals Modernization Act (AMA)). 38 C.F.R. § 19.2(b). Thus, the Board’s review will be limited to the evidence of record at the time of the May 2019 Rating Decision.

As an initial matter, the Board observes that the Veteran was previously denied service connection for a “lumbosacral strain” in a February 2018 Rating Decision and February 2019 RAMP Rating Decision on the basis that “this condition was not incurred in or aggravated by military service.” The Veteran filed a Supplemental Claim in April 2019 and submitted additional evidence. 

VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.2501. “Relevant evidence” is information that tends to prove or disprove a matter at issue in a claim. 38 C.F.R. § 3.2501(a)(1).

The Board finds the evidence presented since the previously denied claim became final, which includes a prescription record, MRI report, and medical opinions dated March 2018, April 2018, and May 2018 respectively, is new and tends to prove the nexus element of the Veteran’s claim, as well as the actual nature of his low back condition.

Finally, the claim of entitlement to service connection for a lumbosacral strain (claimed as a “low back condition”) has been recharacterized as service connection for a low back condition.

REASONS FOR REMAND

The Veteran underwent a VA compensation and pension (C&P) examination in February 2018. According to the VA examiner, the Veteran’s thoracolumbar spine diagnosis is that of a lumbosacral strain. The VA examiner reported the Veteran was seen multiple times while on active duty in 2000 for a low back injury sustained while “lifting on the flight line.” Additionally, the VA examiner noted the Veteran “did not have insurance” until he obtained Social Security benefits and received treatment in 2017 “for back and sciatic pain.” His symptoms reportedly included “pain from the waist to the feet” and are “aggravated by sudden movements, bending, lifting [and] prolonged walking without breaks.” The Veteran exhibited, among other things, abnormal range of motion (ROM), pain with weight bearing, and localized tenderness on palpation. The VA examiner noted that lumbar spine x-rays were essentially normal and the Veteran’s physical examination and neurological complaints “are not verified” by the images. “An explanation is exaggeration of symptoms or . . . inactivity due to mental illness,” the VA examiner concluded. 

Ultimately, the VA examiner opined that the Veteran’s low back condition “was less likely than not incurred in or caused by the claimed in-service injury, event or illness.” For her rationale, the VA examiner referenced the “approximately 9 months” duration of the Veteran’s military service, and the absence of “medical documentation regarding a spine condition until 2017.” According to the VA examiner, “[a]t this time, there is no verification of onset of a chronic lumbar condition due to active duty.” Thereafter, the Veteran’s claim was denied by the above-referenced February 2018 Rating Decision. 

Although no VA Form 21-22a (Appointment of Individual as Claimant’s Representative) was of record at the time, in August 2018 a non-accredited attorney submitted the Veteran’s Notice of Disagreement (NOD) as well as, according to the cover letter, a lumbar MRI report and medical opinion. The cover letter also states the Veteran “relates a history of constant back pain since the time of injury in the military until today.” In December 2018 the same non-accredited attorney submitted a RAMP Opt-In Election form and elected the Supplemental Claim lane, whereby the Veteran had 30 days to submit additional evidence or notify VA of any evidence needing to be obtained. 

The Board observes that, while the Veteran’s NOD did include a different mailing address for him, numerous VA letters subsequently sent to that address were returned as not deliverable and unable to be forwarded, including a January 2019 letter informing him that, contrary to the above-referenced cover letter by the non-accredited attorney purportedly enclosing additional evidence, no such evidence had been received. The RO eventually resumed using the Veteran’s original mailing address. 

The Veteran’s claim was again denied by the above-referenced February 2019 RAMP Rating Decision. According to the Rating Decision, VA “did not receive any medical evidence attached to [his] [NOD]” and, although a letter was sent to him requesting such evidence or for him to complete the enclosed VA Forms permitting VA to request them, no response was received. 

Upon receiving a copy of the February 2019 RAMP Rating Decision, the Veteran contacted the VA in March 2019 and reported that he had recently submitted the additional evidence. However, because the additional evidence was submitted on or about the same day the RAMP Rating Decision was issued, the evidence was not considered. Consequently, the Veteran indicated he would file a Supplemental Claim so the additional evidence could be considered. 

The Veteran filed his Supplemental Claim in April 2019 and, thereafter, received the above-referenced May 2019 Rating Decision declining to reopen and adjudicate the merits of his claim and, instead, finding the additional evidence submitted therewith did “not constitute new and relevant evidence because it does not prove or disprove a matter at issue within [his] claim.” As indicated above, the Board finds the evidence new and relevant as it tends to prove the nexus element of the Veteran’s claim, as well as the actual nature of his low back condition.

The Board finds that remand is necessary in this matter for multiple reasons. First, the February 2018 VA examination was not adequate for purposes of determining whether service connection is warranted. The VA examiner’s report does not address continuity of symptomology whatsoever. The Board finds this oversight particularly significant given the VA examiner noted “no verification of onset of a chronic lumbar condition due to active duty,” yet the claims file includes an indication “of constant back pain since the time of injury in the military until today.” Additionally, the Board is not persuaded by the VA examiner’s rationale that the Veteran’s service period of “approximately 9 months,” and a lack of “medical documentation regarding a spine condition until 2017” but without addressing possible continuity of symptomology, are adequate reasons for determining his low back condition is “less likely than not” related to military service. The Board is also not persuaded by the VA examiner’s opinion that the Veteran’s “physical examination and . . . neurological complaints are not verified by xray [sic] findings” given that an MRI conducted just a couple months later revealed “multilevel degenerative changes” and bulging discs. 

Finally, the Board finds the May 2018 medical opinion by Mr. A.S.M., the Veteran’s treating physician assistant, which was ultimately received by VA in March 2019, was new and relevant evidence that required consideration by the RO. Mr. A.S.M. opined that the Veteran’s “back problem started while in the military between 1999 and 2000,” and that “his current back problems is [sic] related to his earlier back injury that was suffered while in the military.” 

Accordingly, the Board finds that a pre-decisional duty to assist error was committed and that the claim must be remanded for an adequate VA examination to assess the nature, severity, and etiology of the Veteran’s low back condition.

The matter is REMANDED for the following action:

1. Schedule the Veteran for an in-person VA examination with a physician (preferably an orthopedist or neurologist) possessing suitable expertise to fully assess and provide an opinion (in the appropriate DBQ form) regarding the nature, severity, and etiology of the Veteran’s low back condition for the entire appeal period.

All pertinent evidence of record must first be made available to and reviewed by the examiner. Any indicated studies should be performed. If the VA examiner is unable to conduct the required testing, or concludes any such testing is not necessary, he or she must explain why that is so.

The examiner must obtain a full history from the Veteran. It should be noted the Veteran is competent to attest to factual matters of which he has first-hand knowledge, such as observable symptomology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner must provide a fully-reasoned explanation. All pertinent symptomology, including any continuity of symptomology since military discharge, as well as findings must be reported in detail.

Based upon a review of all pertinent documents in the Veteran’s claims file, including medical records, lay statements, and the examination results, the examiner must provide an opinion as to:

(a.) The nature of the Veteran’s low back condition.

(b.) Whether it is at least as likely as not (i.e., 50 percent probability or greater) that the Veteran’s low back condition: (i.) began during military service; (ii.) manifested within one year after discharge from military service; or (iii.) was noted during military service and with continuity of symptomology since service.

In offering the above opinion(s), the examiner must consider and discuss as necessary the April 11, 2018, MRI report and May 24, 2018, medical opinion rendered by Mr. A.S.M., the Veteran’s treating physician assistant (both received in March 2019).

A complete rationale for any opinion(s) expressed must be provided.

(Continued on the next page)

 

If it is not possible to provide the above-requested opinion(s) without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (i.e., no one could respond given medical science and the known facts), a deficiency in the record (i.e., additional facts are required), or the examiner (i.e., does not have the knowledge or training).

 

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Worsham, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.